**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEKSANDR MOLDAKHMETOV; ILONA MOLDAKHMETOV; MILANA MOLDAKHMETOV; IRINA MOLDAKHMETOV,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-4280<br><br>Agency Nos.<br>A220-731-455<br>A220-960-283<br>A220-960-284<br>A220-960-282<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 12, 2025
Seattle, Washington

Before: W. FLETCHER and NGUYEN, Circuit Judges, and BENNETT, Senior
District Judge.[**]

Petitioners Aleksandr Moldakhmetov ("Moldakhmetov"), his wife, and their

two minor children (collectively, "Petitioners"), appeal the Board of Immigration

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Richard D. Bennett, United States Senior District
Judge for the District of Maryland, sitting by designation.

Appeals' ("BIA") decision affirming without opinion the Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Also pending is Petitioners' motion for a stay of removal. Petitioners seek relief based on their experiences as ethnically Kazakh citizens of Russia.

We have jurisdiction under 8 U.S.C. § 1252. When the BIA affirms an IJ's decision without opinion, we review the decision of the IJ. *Tapia v. Gonzales*, 430 F.3d 997, 999 (9th Cir. 2005) (citing *Khup v. Ashcroft*, 376 F.3d 898, 902 (9th Cir. 2004)). We review the IJ's findings of fact for substantial evidence. *Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005). Because substantial evidence supports the IJ's denial of asylum, withholding of removal, and protection under CAT, we DENY the petition for review and DENY the motion for a stay of removal.

**I.** "Either past persecution or a well-founded fear of future persecution provides eligibility for a discretionary grant of asylum." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (quoting *Ratnam v. INS*, 154 F.3d 990, 994 (9th Cir. 1998)); *see also* 8 C.F.R. § 1208.13(b). "Persecution . . . is an extreme concept that means something considerably more than discrimination or harassment." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (quoting *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009)). "'[D]iscrimination on the basis of race or religion, as morally reprehensible as it may be, does not ordinarily amount

to "persecution" within the meaning of the Act,' even if it generates an adverse economic result." *Gormley v. Ashcroft*, 364 F.3d 1172, 1178 (9th Cir. 2004) (quoting *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995)). Economic persecution requires a showing of "'substantial economic disadvantage' that interferes with the applicant's livelihood." *He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014) (quoting *Gormley*, 364 F.3d at 1177).

Substantial evidence supports the IJ's conclusion that Petitioners failed to establish past persecution. Petitioners endured no specific threats, and even the most destructive instances of harassment—the suspected poisoning of their puppy and arson of their home-building materials by neighbors—caused Petitioners no physical harm. *See Sharma*, 9 F.4th at 1061 ("We have repeatedly denied petitions for review when, among other factors, the record did not demonstrate significant physical harm."). Officials' delay in issuing Moldakhmetov's passport, reluctance to take reports of his neighbors' actions, and refusal to conduct autopsies of his parents "do not qualify as persecution, despite the fact that such conditions have caused petitioners some harm." *Id.* at 1060 (quoting *Mihalev v. Ashcroft*, 388 F.3d 722, 729 (9th Cir. 2004)). While deeply unpleasant, the incident of discriminatory mistreatment by state inspectors who took the best cuts of Moldakhmetov's bulls' meat does not compel a finding of economic persecution. *See, e.g.*, *Zehatye v. Gonzales*, 453 F.3d 1182, 1186 (9th Cir. 2006) (explaining state's seizure of family

business was not persecution). Moldakhmetov's consistent, unofficial employment further weighs against finding economic persecution. *See He*, 749 F.3d at 796.

Petitioners similarly failed to show a well-founded fear of future persecution, which requires "'credible, direct, and specific evidence' that the petitioner faces an individualized risk of persecution or that there is a pattern or practice of persecution against similarly situated individuals." *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc) (internal citation omitted) (quoting *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)). Where a petitioner does not establish a pattern or practice of persecution, he may demonstrate a fear of future persecution by showing (1) membership in a disfavored group, and (2) an individualized risk of persecution beyond mere membership in that group. *Tampubolon v. Holder*, 610 F.3d 1056, 1062 (9th Cir. 2010). "The greater the risk of persecution to group members, the lower the [petitioner]'s burden to show a personal risk of persecution." *Himri v. Ashcroft*, 378 F.3d 932, 936 (9th Cir. 2004).

Evidence of widespread discrimination but not targeted violence does not compel the conclusion of a pattern or practice of discrimination against ethnic Kazakhs in Russia. *See, e.g.*, *Lolong*, 484 F.3d at 1179–80 (collecting cases). Similarly, Petitioners presented minimal evidence of an individualized risk of persecution, and the ongoing safety of Moldakhmetov's sister in Russia undercuts any fear of persecution. *See Sharma*, 9 F.4th at 1066 (collecting cases); *Wakkary v.*

*Holder*, 558 F.3d 1049, 1065 (9th Cir. 2009) ("[S]*ome* evidence of individualized risk is necessary for the petitioner to succeed." (emphasis in original)). Moldakhmetov's unspoken opposition to Russia's war with Ukraine cannot support a fear of persecution, and forced conscription generally is not persecution. *See Abedini v. INS*, 971 F.2d 188, 192 (9th Cir. 1992) (finding no reasonable fear of future persecution based on unspoken political beliefs); *Zehatye*, 453 F.3d at 1187 (noting forced conscription "generally does not constitute persecution").

**II.** Moldakhmetov filed for asylum, withholding of removal, and protection under CAT, and his wife and children sought relief derivative of his application. Because there is no derivative withholding of removal or CAT relief, *Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005), Moldakhmetov's family members are not eligible for withholding or protection under CAT. Moreover, because Petitioners have not met the lower burden of establishing persecution for the purposes of asylum, Moldakhmetov "necessarily fails to satisfy the more demanding standard for withholding of removal, which involves showing by a 'clear probability' that the petitioner's life or freedom would be threatened in the proposed country of removal." *Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020).

**III.** Finally, substantial evidence supports the IJ's conclusion that Moldakhmetov is not eligible for protection under CAT. To qualify for CAT protection, a petitioner must show that "it is more likely than not . . . that he or she

would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c); *see also Velaszquez-Samayoa v. Garland*, 49 F.4th 1149, 1154 (9th Cir. 2022). Torture "is more severe than persecution . . . ." *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018) (quoting *Nuru*, 404 F.3d at 1224). Moldakhmetov's evidence of generalized discrimination against migrants in Russia is insufficient to establish a particularized likelihood of torture as required for protection under CAT. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.**